# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa K. Vagle, | Civ. No. 25-1010 (JWB/DTS) |
| Plaintiff, | |
| v. | |
| Brandon Bakke; Chrissie Rodriguez; Mount Olivet Rolling Acres; Danielle Fox; Joe Christenson; Katie Elleraas; Donna Kuller; Julie Olson; Stacy Richards; Tina Stofferahn; Stephen Blair Venable; Karen Brantner; Shannon Gourley; Bryce Hansen; Betsy Koss; Katie Mika; Abby Morgan; Karin Nagel; Beth Nord; Megan Ruschmeier; Angela Tupy; Tina Scheving; Maria Schugel; Frances Stevenson; Wayde Whelan; Jay Cantine; Kari Dose; Andy Dressel; Elizabeth Psihos; David Lose, *Pastor*; Kris Teigen; Jennifer Neu; Deb Baxter; Heidi Droegemueller; Sue Durkin; Bruce Ensrud; Sue Ferguson; Monica Hammersten, *Pastor*; Drew Henry; Amy Hewitt, *Ph.D.*; Kyle Johnson; Michael Lane; Nancy Nash; Kurts Strelnieks; Katherine Rotmil; The Johnson/Turner Legal Team; Eric Parker; Stacy Vanorum; Chris Johnson; Michelle Burchett-Keehr; Krystal Lilyquist; Daniel Cain; Scotty Ducharme; Jason Fraser; Jennie Carrino; Erin Turner; Katelyn Anderson; Mara Bain; Kristi Capeti; Polly Dolby; Colleen Eldred; Kelly Fleck; Leah Hahn; Shelly Harris; Melissa Howell; Tara Jacob; Katie Jarvi; Amanda Johnson; Stasi Johnson; Robin Jones; Nancy Kuehl; Karla Lien; Tim Lohmann; Erica Magner; Kristin Delange; Rachel May; Lauren McQuinn; | **ORDER** |

Cami Mitchell; Michael Metherd; Jennifer Nordquist; Brad Palmer; Denise Rahmeyer; Cheryl Rithmiller; Kelly Sater; Dave Snyder; Jared Sundvall; Matthew Tuttle; Mike Welch, *RRS*; Chad Erdmann; Kerwin McKay; Lisa Nolan; Corrie Vollmer; Emily Miller; Cassie Tulp; Felicia Young; and Jodi Lewis,

            Defendants.

Plaintiff Melissa K. Vagle has filed an application to proceed *in forma pauperis* ("IFP") and a second, ambiguous document—the pleading in this matter. It is not obvious that Vagle intended to commence a civil proceeding with that pleading. In the caption of the document, Vagle lists twelve federal criminal statutes. (*See* Doc. No. 1, Compl. 1.) The only relief sought in the document is the arrest, trial, and imprisonment of various persons who have become involved, in some way, in Vagle's recent state-court divorce and child-custody proceedings. The greater weight of the evidence suggests that Vagle was intending to initiate criminal proceedings against the several dozen Defendants named to this action rather than a civil lawsuit.

If the Court is correct regarding Vagle's intentions, then her pleading is frivolous. "Simply stated, private citizens generally have no standing to institute federal criminal proceedings." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (collecting cases). Neither Vagle nor any other private litigant may initiate a criminal prosecution in federal court, and any attempted criminal prosecution initiated by Vagle will be subject to immediate summary dismissal.

Supposing, however, that the Court is mistaken regarding Vagle's intentions and that she did intend to initiate a civil rather than criminal proceeding, because Vagle applied for IFP status, her Complaint would be subject to preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B). That statute requires the Court to review a pleading submitted by an IFP applicant and dismiss the pleading if it is frivolous, malicious, or fails to state a claim on which relief may be granted. In reviewing whether a complaint states a claim on which relief may be granted, all the factual allegations in the complaint must be accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, legal conclusions that are couched as factual allegations are disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As already mentioned, Vagle seeks relief pursuant to federal criminal statutes. None of the criminal statutes mentioned by Vagle supply a private right of action, and therefore any attempt by Vagle to procure civil relief through those statutes is necessarily futile. *See Kunzer*, 667 F. Supp. 2d at 1061–62.

Appearing sporadically in the Complaint are references to other statutes, such as 42 U.S.C. § 1983, that do supply a private right of action. (*See* Compl. 18.) To the extent

3

that Vagle is, in fact, seeking relief pursuant to a civil statute, the pleading does not allege sufficient facts to establish, assuming those facts to be true, that any of the Defendants named to this action violated the law. Indeed, no facts at all are pleaded with respect to most of the dozens of Defendants. For the other Defendants, Vagle supplies only conclusory allegations; for example, Defendant Brandon Bakke is alleged to have embezzled funds, but no clear allegations about the form of this alleged misconduct are supplied in the pleading. The same could be said of any of the allegations of wrongdoing levied at any specific Defendant; the pleading is simply too vague and conclusory to state a viable claim for relief.

Accordingly, this matter is dismissed without prejudice—for lack of standing insofar as Vagle seeks to initiate a criminal prosecution, and for failure to state a claim on which relief may be granted insofar as Vagle brings civil claims for relief. Vagle's pending IFP application is denied in light of the dismissal, and the Court certifies that because an appeal could not be taken from the dismissal in good faith, Vagle will not be granted IFP status on appeal were that status to be requested. *See* 28 U.S.C. § 1915(a)(3).

### ORDER

Based on the above, and on the files, records, and submissions in this case, **IT IS HEREBY ORDERED** that:

1. This matter is **DISMISSED WITHOUT PREJUDICE**.

2. The application to proceed *in forma pauperis* of Plaintiff Melissa K. Vagle (Doc. No. 2) is **DENIED**.

3. It is certified that an appeal could not be taken in good faith from this dismissal.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: May 8, 2025   _s/ Jerry W. Blackwell_
JERRY W. BLACKWELL
United States District Judge